Henry Epstein, J.
The motion for reargument is granted and on reargument the prior decision of the court is recalled and the following now constitutes the decision in this case.
Plaintiff herein seeks to enjoin defendant Girmac, Inc., the prime tenant of the subject premises and defendant All Time Eealty, Inc., the landlord, from discontinuing or threatening to interfere with all service furnished or required to be furnished to the tenants at 200, 200% and 202 East 28th Street, New York, New York.
The subject premises consisting of three buildings were purchased by defendant All Time Eealty, Inc., in February, 1960 at which time defendant Girmac, Inc., was a statutory tenant, its written lease of the entire premises having expired. The buildings contain 35 rooms rented out as 20 units. One building has 21 rooms, the second has 8 rooms and the third has 2 com *529 píete apartments. There is one central heating system supplying heat to all three buildings.
Grirmac claims that it notified the landlord, All Time Realty, that it desired to remove from the premises because it was a losing proposition and the Department of Housing and Buildings of the City of New York has filed a number of violations against the building compliance with which would require a substantial expenditure. All Time intends to erect a luxury apartment house on the site at such time as its plans, financing and the approval of the Rent Administrator have been obtained. At the present time, Grirmac owns all the furniture and furnishings and is responsible for the heat and utilities.
Subdivision 10 of section 9 of the State Rent and Eviction Regulations provides as follows:
“ Section 9. Housing accommodations not subject to rent control. These Regulations shall not apply to the following:
“ 10. Structures subject to underlying leases. Leases for entire structures or premises as distinguished from the individual housing accommodations therein contained, wherein more than 25 rooms are rented or offered for rent by any lessee, sub-lessee or other tenant of such entire structure or premises; leases for entire structures or premises as distinguished from the individual housing accommodations therein wherein 25 or less rooms are rented or offered for rent by any lessee or other tenant of such entire structure or premises and. such lessee, sub-lessee or other tenant does not occupy any portion of the structure or premises as his dwelling and sublets, as an entrepreneur for his own profit, the individual rooms to subtenants ; or structures in which all of the housing accommodations are exempt or not subject to control under these Regulations.”
It is clear that the individual rooms in the premises under consideration are subject to rent control and the occupants are thereby entitled to the protection of the rent regulations. The landlord may not decrease the dwelling space, essential services, furniture, furnishings or equipment without applying for an order by the Administrator permitting same (State Rent and Eviction Regulations, § 35, subd. l[a]). There has been no such application or order here.
The landlord purchased the premises with knowledge of and subject to the rights of the lessee, Grirmac, Inc. It is reasonable to assume that at the time of purchase, the defendant All Time was aware of or should have been aware of the condition of the buildings. The record does not state the date or dates of the violations filed against the buildings but if the violations are *530 as substantial as alleged, All Time is charged with knowledge of these conditions.
If the defendants are permitted to withdraw the furniture, furnishings, light, heat, etc., they will have accomplished indirectly what they could not do directly without an order of the Administrator (see State Rent and Eviction Regulations, § 35, subd. l[a]; § 59).
The prime tenant, Girmac, Inc., though not a controlled tenant, is still in possession of the premises. The motion will be granted and the defendant Girmac, Inc., will be enjoined from discontinuing the services required to be furnished to the tenants so long as it remains the prime tenant. In the event Girmac, Inc., by dispossess or any other means, removes itself from possession, the injunction will be continued against the defendant All Time Realty, Inc., the owner of the premises.
Settle order providing for an injunction pendente lite against Girmac, Inc., and All Time Realty, Inc.